UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CV-97-F

| | | |
|---|---|---|
| SHEREE MILLS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF TRANSPORTATION, | ) | |
|     Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Relief from Judgment and Order [DE-75]. Defendant has responded, Plaintiff has replied, and this motion is therefore ripe for disposition.

Plaintiff seeks relief, pursuant to Federal Rule of Civil Procedure 60(b), from this court's July 23, 2007, Order [DE-73] allowing Defendant's Motion for Summary Judgment and dismissing Plaintiff's claims. Rule 60(b) provides, in part, the following:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). Although she does not specify, Plaintiff is presumably relying upon Rule 60(b)(6), because none of the other subsections apply. Plaintiff argues that the July 23, 2007,

1

Order and Judgment are based on an incorrect application of clear legal precedent.

The court has thoroughly reviewed the July 23, 2007, Order, the parties' memoranda regarding Defendant's Motion for Summary Judgment and the Plaintiff's Motion for Relief from Order and Judgment, and concludes that the July 23, 2007, Order is correct and in accordance with the law. Specifically, despite Plaintiff's arguments to the contrary, the court concludes that the July 23, 2007, Order was in accordance with the Fourth Circuit's decision in *Fredericksburg and Potomac Railroad Company*, 803 F.2d 1222 (4th Cir. 1986), in that neither Plaintiff's EEOC charges, nor the Complaint in this action, contained factual allegations necessary to support a disparate impact claim and put Defendant, and this court, on notice of such a claim.

Moreover, the court notes that even if Plaintiff had included such sufficient factual allegations, she still has not established a *prima facie* case of disparate impact. Plaintiff relies solely upon the fact that no female was filed as a permanent TW in the Wilkes Maintenance Unit from 1999 until 2006. Plaintiff does not provide, however, any data with regard to the relevant labor pool. *See, e.g., Carter v. Ball*, 33 F.3d 450, 456-57 (4th Cir. 1994)(determining that statistical evidence that none of the defendant-employer's thirty managerial positions were filled with African-American personnel was properly excluded from consideration at trial because the plaintiff presented no supporting evidence relating to the pool of African-Americans qualified for those positions, and explicitly rejecting the plaintiff's "inexorable zero" argument). Without such evidence, Plaintiff proffers no reliable proof of underrepresentation. Finally, the court finds that its analysis of her disparate treatment claim is also in accordance with the law.

Accordingly, Plaintiff's Motion for Relief from Order and Judgment [DE-75] is DENIED.

2

Case 5:06-cv-00097-F   Document 79   Filed 08/24/07   Page 2 of 3

SO ORDERED.   This the 23 day of August, 2007.

                                                          _____
                                                          James C. Fox
                                                          Senior United States District Judge

3